<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7197**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARLOS DEMOND ROBINSON,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:03-cr-00616-HMH-1)

Submitted: January 28, 2011          Decided: March 15, 2011

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Carlos Demond Robinson, Appellant Pro Se. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Demond Robinson seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2010) motion, which Robinson filed as a Fed. R. Civ. P. 60(b) motion.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and

---

[*] Because the Rule 60(b) motion directly attacked Robinson's convictions, the motion was an unauthorized and successive § 2255 motion over which the district court lacked jurisdiction. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

conclude that Robinson has not made the requisite showing. Accordingly, we deny the motion for a certificate of appealability and dismiss the appeal.

Additionally, we construe Robinson's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C.A. § 2255(h) (West Supp. 2010). Robinson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3